IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JON CHARLES BEYER** and **SHELLEY RENEE BEYER**,

        Plaintiffs,

    v.

**BRIAN T. MOYNIHAN**, and/or his successor, individually, and in his official capacity as Pres/CEO Of Bac Home Loans Servicing, LP, an ens legis being used to conceal fraud,

**JAMES F. TAYLOR**, and/or his successor, individually, and in his official capacity as Pres. of Fin & Admin. Of Recontrust Company, N.A. an ens legis being used to conceal fraud,

**BRIAN T. MOYNIHAN**, and/or his successor, individually, and in his official capacity as Pres/CEO of Bank of America, an ens legis used to conceal fraud,

**ANGELO MAZILO**, and/or his successor, individually, and in his official capacity as Pres/CEO Of Countrywide Home Loans, Inc., an ens legis being used to conceal fraud,

**R.K. ARNOLD**, and/or his successor, individually, and in his official capacity as Pres/CEO Of Mortgage Electronic Registration Systems, Inc., an ens legis being used to conceal fraud,

**JAMES STROTHER**, and/or his successor, individually, and in his official capacity as EVP

No. CV 10-523-MO

OPINION AND ORDER

of Wells Fargo & Co., an ens legis being used
to conceal fraud, et al,

      Defendants.

**MOSMAN, J.**,

      Jon Charles Beyer brings this suit concerning his home mortgage. The defendants move

to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper service

of process, failure to state a claim, and failure to file a short and plain statement of the claim.

## BACKGROUND

      The factual allegations in this case are not clear. The complaint is vague, and the motions

address only procedure. The case seems to involve a mortgage with a right of sale provision on a

home owned by Jon and Shelley Beyer. It is not clear whether the home has been foreclosed, but

if not, a foreclosure seems imminent.

      Mr. Beyer's pro se complaint requests attorney's fees, a refund of mortgage payments, a

declaration that the lien is invalid, punitive damages, loss of earnings, and interest.

## DISCUSSION

**I.**    <u>**The Corporations Are Also Defendants**</u>

      The caption of the complaint names five CEOs as defendants, but the complaint itself

alleges wrongs by the corporations, rather than just the CEOs. Mr. Beyer asks the court to

consider the corporations as defendants as well as the CEOs. The defendant CEOs do not

address this argument directly.

      "[T]he question of whether a defendant is properly in a case is not resolved by merely

reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in

the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (citing *Hoffman v. Halden*, 268 F.2d 280, 303–04 (9th Cir. 1959)).  Because the complaint alleges fraud committed by the corporations, not just the CEOs, we must treat the complaint as though it had named the corporations as well.  This finding does not relieve Mr. Beyer of the duty to show subject matter jurisdiction, personal jurisdiction, and proper service of process for the CEOs and the corporations.

## II.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Mr. Beyer has the burden of showing that this court has both personal jurisdiction and subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994).  Congress has conferred subject matter jurisdiction on this court for cases involving a federal question and for cases between citizens of different states.  For this court to exercise federal question jurisdiction, the case must involve a question of federal law, which Mr. Beyer has not alleged.  28 U.S.C. § 1331.  For this court to exercise jurisdiction based on diversity of citizenship, the parties must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  A corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

### A.  *Diversity Jurisdiction*

Mr. Beyer seeks the return of the promissory note and deed, and seeks a refund of all money paid under the mortgage.  He claims the deed is worth $196,000, so he has met the amount in controversy requirement.  (Pl. Resp. (#21) 6.)

The Beyers are both citizens of Oregon. The defendants concede that the CEO defendants are not citizens of Oregon. (Def. Reply Br. (#25) 4.) So diversity jurisdiction exists as to the CEO defendants.

Neither the complaint nor the motion pleadings say where the defendant corporations are incorporated or where their principal place of business is. "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (citing *In re Mex. City Aircrash*, 708 F.2d 400, 404 n.4 (9th Cir.1983)). Because the pleadings do not allege the citizenship of the corporations, the complaint must be dismissed as to the corporations for lack of subject matter jurisdiction.

## III.    Personal Jurisdiction

In addition to subject matter jurisdiction, this court must have personal jurisdiction over each defendant. *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 618 (1990). To establish personal jurisdiction, Mr. Beyer must show either that he served the defendants while they were in Oregon, or that each defendant's "litigation-related minimum contacts" with Oregon are sufficient to subject the defendant to the court's jurisdiction without offending "traditional notions of fair play and substantial justice." *Id.*; *see also* Fed. R. Civ. P. 4(k); Or. R. Civ. P. 4. These contacts are sufficient if "(1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew was likely to be suffered in the forum state." *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010).

### A.    *CEO Defendants*

Mr. Beyer has not met his burden of showing personal jurisdiction over the CEO defendants. He has not alleged that they were served within the state, and he has not shown that they have had any contact with the state.

**B.** *Corporation Defendants*

This court has personal jurisdiction over the corporation defendants because the corporations intentionally reached out to Oregon to create the mortgage at the center of this dispute. *Love*, 611 F.3d at 609.

## IV. Lack of Personal Jurisdiction for Improper Service

In addition to jurisdictional limitations, this court cannot exercise authority over a defendant who has not been properly served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

**A.** *Service of the CEO Defendants Was Insufficient*

Mr. Beyer can serve the CEO defendants in four ways: (1) by following state law for service in the state court where the district court is located or where the defendants are served; (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving a copy of each at the individual's residence with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized to receive service of process for the defendant. Fed. R. Civ. P. 4(e).

Mr. Beyer does not allege he delivered copies of the summons and complaint to the CEO defendants personally or that he left copies at their homes. And while Mr. Beyer served an agent registered to receive process for the corporations, he has not alleged that these agents represent the CEOs themselves. So the CEO defendants have only been properly served if Mr. Beyer met

the requirements of a state law.

### 1.     Service Requirements of State Law

Because this court is located in Oregon, service is proper if it satisfies Oregon law. Fed. R. Civ. P. 4(e)(1). Service could meet the requirements of the state where the defendants were served, but neither the complaint, nor the briefs say where the CEO defendants were served, so I can only consider whether the service met the requirements of Oregon law.

Oregon allows service to be made in any manner reasonably calculated to apprise the defendant of a pending action and provide the defendant an opportunity to appear. Or. R. Civ. P. 7D(1). Oregon authorizes service at the defendant's office and service by mail following certain procedures. If these procedures are followed, service is presumptively effective. *Williams v. Jett*, 54 P.3d 624, 625 (Or. Ct. App. 2002). Outside these procedures, service is proper only if the method of service was "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." *Id.* (internal quotations and citations omitted).

Mr. Beyer attempted to serve the defendants by serving the corporations' registered agent for service and by mailing service to the CEO defendants' offices.

### a.     Office Service

Under Oregon law, Mr. Beyer may serve the CEO defendants by leaving copies of the summons and complaint at an office "maintain[ed] . . . for the conduct of business" by the person being served. Or. R. Civ. P. 7D(2)(c). Mr. Beyer served only the offices of the registered agents for the corporations. There is no evidence that the CEOs maintain these offices, therefore Mr. Beyer has not properly served the CEOs through office service.

### b. Service by Mail

Mr. Beyer may serve the CEO defendants by mailing one copy of the summons and complaint to them by first class mail and a second copy by certified, registered, or express mail with return receipt requested. Or. R. Civ. P. 7D(2)(c). This method of service is only effective if the defendant has signed the return receipt. Or. R. Civ. P. 7D(2)(c). Mr. Beyer only mailed one copy of the summons and complaint to each defendant, and does not claim to have a signed return receipt, so he has not satisfied Oregon's service-by-mail requirements.

### c. Reasonably Calculated to Give Notice

Because Mr. Beyer has not served the CEO defendants using a presumptively valid method, I next consider whether the method of service was, "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." *Williams*, 54 P.3d at 625.

Mr. Beyer argues that because the CEO defendants have hired counsel, they must be aware of the suit, and therefore, the service was adequate. This analysis is backward. "Defendant's actual notice of an action does not make service adequate under ORCP 7, unless the summons is served in a manner reasonably calculated to apprise the defendant of the existence and pendency of an action against him." *In re Marriage of McKinney*, 120 P.3d 921, 924 (Or. Ct. App. 2005) (internal citations and quotations omitted).

I find that Mr. Beyer has not shown his attempts were reasonably calculated to put the CEO defendants on notice. He has only vaguely said the summons and complaint were mailed to "their place of business." Many of these defendants run companies with thousands of branches across the country. Without knowing exactly where these notices were mailed it is impossible to

tell how reasonable Mr. Beyer's well-intentioned efforts were. Considering all the circumstances, I find that mailing a letter to some branch of a corporation as large as these defendant corporations is insufficient to put the CEO on notice.

### B. *Service of the Corporate Defendants*

The corporation defendants were properly served when Mr. Beyer served their registered agents. Fed. R. Civ. P. 4(h)(1)(B).

## V. <u>Failure to State a Claim</u>

To survive this motion to dismiss, the complaint must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Because Mr. Beyer is pro se, I am required to construe his complaint liberally. *See Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (holding that pro se litigants are not subject to the plausibility pleading requirement of *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009)).

Mr. Beyer's 193-page complaint is very difficult to decipher. Even pro se litigants must do more than just endlessly string together largely unrelated paragraphs, and then allege, as Mr. Beyer does in the complaint's caption, "Plaintiff states a claim for which relief can be granted." (Pl.'s Compl. (#1) 1.)

### A. *Fraud*

On page five Mr. Beyer begins a list of claims, which seem to allege fraud. To establish fraud, Mr. Beyer must show "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate

injury." *Estate of Schwarz v. Philip Morris Inc.*, 135 P.3d 409, 422 (Or. Ct. App. 2006) (internal quotations and citations omitted). Mr. Beyer "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In response to the motion to dismiss, Mr. Beyer directs the court to page 3, line 24, through page 7 of the complaint as the location of his allegations of fraud. In those pages (and elsewhere) Mr. Beyer seems to claim several types of fraud. First, he claims the banks have issued loans on credit; that is, they have not paid any cash to obtain the lien on his property, but instead have used a false system of currency creation to obtain the lien by trick. This false system involves retaining only a fraction of deposit accounts and lending the remainder out for interest. Because the total money supply includes the full deposit account and the money loaned, this process increases the money supply. However, Mr. Beyer has not alleged how reserve lending has harmed him. The practice is authorized under federal law and international accords. 12 C.F.R. 204.1; Basel II Capital Accord, first pillar (2004). It is the definition of banking.

Mr. Beyer also seems to claim that securitizing his mortgage somehow constitutes fraud. Again, I cannot grant relief on this claim because he failed to allege how securitization harmed him. He does not claim securitization subjects him to new obligations.

Mr. Beyer also alleges the "malum in se" use of legalese in the mortgage document to take his property. This broad allegation does not state with particularity the circumstances constituting fraud.

### B.     *Other Potential Claims*

Mr. Beyer quotes statutes for 68 pages of the complaint and cites several other laws, including the United States Constitution, Oregon statutes, and the Magna Carta, but he does not

allege facts showing how these laws were violated.  A mere list of statutes is insufficient to state a claim.

## VI.  <u>Rule 8</u>

Mr. Beyer's complaint must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  "Each allegation must be simple, concise, and direct." *Id.*  The defendants argue the 193-page complaint is not simple or concise.

"[V]erbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008).  However, a complaint cannot be "replete with redundancy and largely irrelevant" or "confusing and conclusory." *Id.* at 1130 (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) and *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)).  Because I dismiss this complaint on several grounds stated above, I do not decide whether the leniency given to pro se plaintiffs overcomes the confusing and conclusory nature of the complaint.  But I advise Mr. Beyer to state his claims plainly if he chooses to file an amended complaint.

//

//

//

//

//

//

//

## CONCLUSION

I DISMISS the complaint as to the corporation defendants for lack of subject matter jurisdiction.  I also DISMISS the complaint as to the CEO defendants for improper service of process and lack of personal jurisdiction.  I DISMISS the entire complaint for failure to state a claim, and ORDER any amended complaint to meet the simplicity requirements of Rule 8 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED this  18th  day of October, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court