IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JON CHARLES BEYER and SHELLEY RENEE BEYER**,

    Plaintiffs,

        v.

**BANK OF AMERICA et al.**,

    Defendants.

No. CV 10-523-MO

OPINION AND ORDER

    **MOSMAN, J.**,

Jon and Shelley Beyer bring this suit to prevent foreclosure of their home. They have moved for a temporary restraining order [75] arguing that the chain of title is broken. The defendant financial institutions have moved to dismiss the claim for failure to state a claim [67].

1 – OPINION AND ORDER

Because I find that the Beyers' claims lack legal merit, I deny their motion for a temporary restraining order and grant the defendants' motion to dismiss.

## BACKGROUND

In June 2006, Jon Beyer accepted a loan for $196,000 to purchase a home in St. Helens, Oregon. He executed an assignable promissory note and a trust deed.[1] (Am. Complaint Ex. 1 [62] 12; Am. Complaint Ex. 9 [62] 3.) The trust deed named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Fidelity (Clackamas) National Title Insurance as trustee ("Fidelity") and was properly recorded. *Id.*

On December 15, 2009, MERS granted Deutsche Bank National Trust Company ("Deutsche Bank") all beneficial interest under the deed of trust. (Am. Compl. [62-3] 2.) This transfer was properly recorded. *Id.*

## DISCUSSION

The Beyers' complaint contains four claims for relief. First, they argue that the defendants cannot proceed with the foreclosure without first presenting the promissory note. Second, they argue that the trust deed is void because it was separated from the promissory note. Third, they argue that the defendants committed fraud by naming MERS as the beneficiary. And fourth, they claim that the defendants committed fraud by authorizing a non-employee to sign transfer documents.

I.  **The Defendants Are Not Required To Present the Promissory Note**

The Beyers' first argument, that the defendants are required to present the promissory note, fails. This Court has held that "the Oregon Trust Deed Act, O.R.S. § 86.705 et seq., does not

---

[1] Mr. Beyer argues that his true name is Jon Charles Beyer, so he is not bound by the various documents that refer to him as JON CHARLES BEYER, Jon Beyer, JON BEYER, or other permutations of his name in upper- and lower-case letters. This argument is meritless. *See Boyce v. C.I.R*, 72 T.C.M. (CCH) 788, aff'd 122 F.3d 1069 (9th Cir. 1997) (finding that changing the capitalization of a name did not create "fictitious entities").

require presentment of the [promissory] Note or any other proof of 'real party in interest' or 'standing,' other than the Deed of Trust." *Stewart v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 1055131, at *12 (D. Or. Feb. 9, 2010); *see also* Or. Rev. Stat. § 86.735 (listing the requirements for a non-judicial foreclosure through a trust deed and not requiring presentation of the note).[2] Because the defendants were not required to present the promissory note as part of the foreclosure process, the Beyers' argument fails.[3]

## II.    Separation of the Promissory Note from the Trust Deed

The Beyers next argue that Deutsche Bank cannot foreclose because it has no interest in the property. Deutsche Bank holds both the promissory note and the trust deed, but the Beyers argue that Deutsche Bank has no interest because the trust deed became void when it was separated from the promissory note. The Beyers claim that if the trust deed is separated from the promissory note it becomes "null and void." (Response [92] 16.)

That is not the law in Oregon. In *United States National Bank of Portland v. Holton*, 195 P. 823, 824 (Or. 1921), the Oregon Supreme Court expressly allowed a foreclosure even through the note and the deed of trust had been separated and then rejoined.

The cases cited by the Beyers are consistent with this position. The Beyers cite *West v. White*, 766 P.2d 383 (Or. 1988), multiple times for the proposition that "[a]ssignment of a note carries with it a security interest in real property, because the security is merely an incident to the debt." *Id.* at 385 (citations omitted).   But *West* never held that the security interest becomes void. It merely states the uncontroversial idea that a security interest has no practical effect without the

---

[2] The Beyers argue that the Uniform Commercial Code requires the presentation of the note. (Response [92] 12.) It is sufficient to note that even if the Uniform Commercial Code did require that, it would not override Oregon's own statutes. Or. Rev. Stat. § 86.735.
[3] The Beyers rephrase this argument at one point in their brief as a claim that the note was never properly endorsed in the transfers. (Response [92] 12.) This is merely a backdoor attempt to require trust deed holders to present the note, a proposition which I have rejected above.

3 – OPINION AND ORDER

note. That is, if a bank holds a security interest but not the defaulted promissory note it will not have a reason to enforce the security interest. And likewise a bank holding a defaulted note may want to foreclose, but cannot without the security interest. These cases merely explain that as a practical matter the two interests must support one another in collecting a debt. *See* Restatement of Property: Mortgages 3d § 5.4 (1997). Because these two interests support each other in this case, as explained in part III below, the Beyers' argument fails.

### III.     MERS as a Beneficiary

The Beyers next argue that MERS is not a proper beneficiary under Oregon law. This claim, if true, presents two problems for the lenders.   First, if MERS was not the beneficiary then it could not have validly transferred the trust deed. The Beyers argue that the note holders are the true beneficiaries, so attempts by MERS to transfer the trust deed were ineffective. *See* Or. Rev. Stat. § 86.735(1).

Second, assignments of the trust deed by the beneficiary must be recorded in the county records before a non-judicial foreclosure can proceed. Or. Rev. Stat. § 86.735(1). The Beyers argue that the note holders are the true beneficiaries and they are not recorded as the beneficiaries in the county records, so the defendants cannot conduct a non-judicial foreclosure.

#### A.     *Introduction to MERS*

Mortgage Electronic Registration Systems, Inc., often called MERS, is a privately held corporation that runs an online registry of ownership and servicing rights to mortgages. It is designed to simplify and reduce the cost of transferring promissory notes that are secured by real property by reducing the costs associated with recording those transfers in county land records.

Lenders can become members of MERS by paying certain fees. When a member lender is granted a promissory note secured by a mortgage, the lender designates MERS as the beneficiary

of the mortgage as the lender's "nominee." MERS, as the beneficiary, is recorded in the county records as the holder of the mortgage. When the lender later sells its interest, MERS becomes the nominee for the new lender, and so, the theory goes, no recording is needed at the county recorder's office. This process reduces the time and expense required to record a transfer in the local property records, which increases the value and liquidity of promissory notes secured by real property.

This cost savings, and the competitive advantage it offers, has helped MERS become the mortgagee of record on nearly two-thirds of all newly originated residential loans nationwide. *See Jackson v. Mort. Elec. Registration Sys., Inc.*, 770 N.W. 2d 487, 491–92 (Minn. 2009). Because it has become so ubiquitous, MERS is estimated to be involved in 40% of all residential foreclosures. *Id.; see also* Nolan Robinson, *The Case Against Allowing Mortgage Electronic Registration Systems, Inc. (MERS) to Initiate Foreclosure Proceedings*, 32 Cardozo L. Rev. 1621, 1625 n.24 (2011) (note).

### B.     *MERS Is a Proper Beneficiary*

Under Oregon law "[b]eneficiary means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given." Or. Rev. Stat. § 86.705. Here the trust deed names MERS as the beneficiary. Trust Deed [62-1] 1 ("MERS is the beneficiary under this Security Instrument."). Because MERS is named in the trust deed as the beneficiary, which is to say the person for whose benefit the trust deed is given, state and federal courts have found that MERS is the beneficiary under Oregon law. *See Somers v. Deutsche Bank Nat'l Trust Co.,* No. CV11020133, slip op. at 4 (Or. Cir. Ct. July 6, 2011); *see also Richard v. Deutsche Bank Nat'l Trust Co.*, No. 09-cv-123-AC, 2011 WL 2650735, at \*3 (D. Or. July 6, 2011); *Bertrand v. SunTrust Mortg., Inc.*, No. 09-cv-857-JO, 2011 WL 1113421, at \*4 (D. Or. Mar. 23, 2011);

5 – OPINION AND ORDER

*Burgett v. Mortg. Elec. Registration Sys., Inc.*, No. 09-cv-6244-HO, 2010 WL 4282105 at *2 (D. Or. Oct. 20, 2010).

Other courts have found that while MERS is named as the beneficiary, the benefit of the trust deed actually goes to the lender. *See U.S. Bank Nat'l Ass'n, N.A. v. Flynn*, No. 11-8011, slip op. at 2 (Or. Cir. Ct. June 23, 2011); *see also Hooker v. Nw. Trustee Servs., Inc.*, No. 10-cv-3111-PA, 2011 WL 2119103 (D. Or. May, 25, 2011). These cases find that despite the clear language declaring MERS the beneficiary, the lenders are the beneficiaries under the statutes because they are the ones "designated in [the] trust deed as the person[s] for whose benefit [the] trust deed is given." Or. Rev. Stat. § 86.705.

Neither line of cases discusses why the named person should trump the designated person, or vice-versa. However, because I find that MERS is both named and designated as the person receiving the benefit, I need not resolve this dispute.

### 1. MERS Is Named and Designated As the Person Receiving the Benefit of the Trust Deed

It is undisputed that MERS is named as the beneficiary in the trust deed. To determine who is designated as the beneficiary in the trust deed, I first determine what the benefit of the trust deed is, then determine who receives it. To determine the meaning of "benefit," I consider the text and the context of the statute. *See State v. Gaines*, 206 P.3d 1042, 1050–51 (9th Cir. 2009).

Oregon's code does not define what the "benefit" of the trust deed is; however, the definition explains that the "trust deed" is "a deed . . . conveying an interest in real property . . . to secure the performance of an obligation owed by the grantor or other person named in the deed to a beneficiary." Or. Rev. Stat. § 86.705(5). Because the purpose of the trust deed is to secure the performance of an obligation owed to the beneficiary, the benefit of the trust deed is that the obligation is fulfilled.

6 – OPINION AND ORDER

The obligation this trust deed secures is payment of the note. The Beyers argue this is owed to the lenders, not MERS, so they conclude that the lenders are the beneficiaries. However, the text of the trust deed contradicts the Beyers' position. The trust deed provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to releasing and cancelling this Security Instrument.

Trust Deed [62-1] 4.

This provision grants MERS the right to exercise all rights and interests of the lender. One right of the lender is to receive payment of the obligation, so this clause must grant that right to MERS as well. However, the clause is only activated "if necessary to comply with law or custom." So MERS has the right to receive payment of the obligation, and therefore is designated as the beneficiary if two requirements are met: (1) it is necessary to comply with law or custom, and (2) the statutes and trust deed do not otherwise prevent MERS from being a beneficiary.

The Beyers' position is that no law or custom requires MERS to be a beneficiary, so this clause is not activated. Under this narrow reading it is difficult to imagine any scenario where the clause would be activated. When read in context this clause is triggered when the plain terms of the trust deed would be contradictory under local law or custom. Here, the trust deed repeatedly calls MERS the beneficiary, a statement which would not comply with law or custom unless MERS's powers were expanded to include the right to receive payment of the obligation.   For this reason, I find the clause is triggered, and MERS has the right to receive payment of the obligation.

This interpretation is consistent with Oregon law and the text of the trust deed. The Beyers suggest that because MERS is called a "nominee" for the lender it cannot also be the beneficiary. *See* Trust Deed [62-1] 1, 4. They do not explain why a beneficiary in one context cannot be a

7 – OPINION AND ORDER

nominee in another. More importantly, at least one Oregon court has rejected this argument. *Somers*, No. CV11020133, slip op. at 4 ("That MERS and its successors, as the named beneficiary, is the nominee of the Lender and its successors is not contrary to Oregon law and is consistent with the express terms of the Deed of Trust made and delivered by the Somers.").

This interpretation is also consistent with Oregon public policy because it makes no change to the rights or obligations of the Beyers; it only changes the party to whom these obligations are owed. The most the Beyers can show is that this creates a complex payment arrangement for receiving the benefit of the obligation between MERS and the lenders' successors, but this creates no practical harm for the Beyers. Perhaps most importantly, this interpretation best carries out the intent of the parties, who clearly intended for MERS to be the beneficiary and for the note to be liquid. Trust Deed [62-1] 2–10 ("[MERS] is the Grantee of this Security Instrument. . . . MERS is the beneficiary under this Security Instrument. . . . The beneficiary of this Security Instrument is MERS. . . . The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.").  Because the trust deed grants MERS all powers necessary to be a beneficiary, and because that grant is consistent with the trust deed, Oregon statutes and policy, and the intent of the parties, I find that MERS was properly designated to receive the benefit under the trust deed.

Because the trust deed names MERS as the beneficiary and MERS has the right to receive the benefit of the trust deed, I find that MERS was a proper beneficiary under the trust deed.

## IV.     Fraudulent Notarization

Finally, the Beyers claim that the notarization process was fraudulent because the papers were signed by employees of Recontrust Company. (Response [92] 5.) The Beyers have not alleged any reason why the defendants could not authorize these parties to act as their agents in

these transactions. The mere fact that the signatories are not regular employees of the defendant financial institutions is not enough to establish a claim for fraud.

## CONCLUSION

Because the Beyers' complaint fails to state a claim upon which relief can be granted:

- I GRANT defendants' motion to dismiss [67],
- I DENY the Beyers' motion for preliminary injunction [75], and
- I DENY the Beyers' motion for a temporary restraining order [115].

IT IS SO ORDERED.

DATED this   1st   day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court