IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JON CHARLES BEYER** and **SHELLEY
RENEE BEYER**,

        Plaintiffs,

      v.

**BAC HOME LOANS SERVICING, LP;
RECONTRUST COMPANY, N.A.;
COUNTRYWIDE HOME LOANS INC.;
AMERICA'S WHOLESALE LENDER;
MORTGAGE ELECTRONIC REGISRATION
SYSTEMS, INC.; DEUTSCHE BANK NATIONAL
TRUST COMPANY; WELLS FARGO BANK, N.A.;
JOHN DOES (INVESTORS) 1-1000; BLACK AND
WHITE CORPORATION 1-100; JANE DOES 1-100;
And JOHN DOES 1-100,**

        Defendants.

No. 3:10-cv-00523-MO

OPINION AND ORDER

**MOSMAN, J.**,

      In June 2006, Jon Beyer accepted a home loan for $196,000 and executed an assignable

promissory note and a trust deed as part of that transaction.  In January 2009, Plaintiffs defaulted

on their loan, resulting in the commencement of non-judicial foreclosure.  In 2010, Plaintiffs

filed suit, seeking to enjoin the pending foreclosure sale and to obtain declaratory relief.  On

January 3, 2011, Defendants filed their Motion to Dismiss [67].  On August 2, 2011, I dismissed

Plaintiffs' First Amended Complaint, holding that Plaintiffs' claims lacked merit under FRCP

12(b)(6) [123].  Plaintiffs appealed, arguing that the Mortgage Electronic Registration Systems, Inc. ("MERS") could not properly be a "beneficiary" as defined by Or. Rev. Stat. ("ORS") § 86.705.  While the appeal was pending, the Oregon Supreme Court issued *Brandrup v. ReconTrust Co.*, 303 P.3d 301 (Or. 2013), holding that MERS does not satisfy the statutory definition of "beneficiary" when it is not holding the underlying promissory note. On January 13, 2015, the Ninth Circuit vacated and remanded my prior holding on plaintiffs' wrongful foreclosure claim in light of *Brandrup* [133]. On April 9, 2015, Plaintiffs filed a Motion for Leave to Amend [139].  On April 30, 2015, Defendants filed a Motion to Dismiss for Lack of Jurisdiction [145].  Shortly thereafter, on May 21, 2015, Plaintiff's field their Response to the Motion to Dismiss [149], while simultaneously filing their proposed Second Amended Complaint [150].

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061 (9th Cir. 2012) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy must continue through all stages of federal judicial proceedings." *Id*. at 1062. "If there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

This action was originally brought to prevent a non-judicial foreclosure sale, the time for which has expired.  Under Oregon law, a nonjudicial foreclosure sale may be postponed for no more than 180 days from the original sale date. Or. Rev. Stat. § 86.755(2). Accordingly, after 180 days have elapsed from the original sale date, the nonjudicial foreclosure may no longer proceed. In this instance, the 180 day period ran from January 31, 2011 to July 30, 2011.  At this

point, there is no possible way Defendants can proceed with a non-judicial foreclosure sale on the basis of the September 21, 2010 notice of default. ORS 86.726(1) requires that mediation is now a prerequisite to any foreclosure, meaning that no new foreclosure can begin until the parties proceed to mandatory mediation. Thus, there is no existing controversy and this case should be dismissed.

Plaintiffs' proposed Second Amended Complaint [150] does not cure the procedural deficiencies that are discussed in their Memorandum in Support of their Motion for Leave to Amend [140] as well as their Response to Defendant's Motion to Dismiss [149]. Plaintiff's claims fall short of the applicable pleading standards. Plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis: "While a complaint attacked [under] Rule 12(b)(6) ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* .at 555 (brackets omitted). In *Moss v. U.S. Secret Service,* the Ninth Circuit noted that a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 572 F.3d 962, 969 (9th Cir.2009) (quoting *Iqbal,* 556 U.S. at 678).

Although Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires," this court has the discretion to deny leave to amend, especially when the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citations and quotations omitted).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). For the reasons stated in Defendants Reply in Support of the Motion to Dismiss [154], as well as the fact that Plaintiff's wrongful foreclosure claim is moot and the new claims they have now put forth cannot be cured by repleading this action, I find that any further attempts by Plaintiff's to further amend their complaint would be futile.

Accordingly, Defendants Motion to Dismiss for Lack of Jurisdiction [145] is GRANTED and Plaintiff's Motion for Leave to Amend [139] is DENIED.

IT IS SO ORDERED.

DATED this __24th__ day of June, 2015.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER